UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SETH SARTY (1),<br><br>       Defendant. | Criminal Action No. 24-130-1 (CKK) |

**ORDER**
(April 1, 2024)

Pending before the Court is Defendant's [15] Appeal of Magistrate Court's Order Setting Conditions of Release ("Motion" or "Mot.").[1] Defendant requests that the Court vacate his pre-trial condition of release that restricts his ability to speak with the co-defendant in this case, Defendant Cepane Sarty, his brother.[2] Mot. at 1. Broadly, Defendant contends that this condition—restricting Defendant's ability to speak with his brother "about the case" by requiring the presence of counsel—is "vague and overly broad" and violates his First Amendment rights (freedom of speech and freedom of association). *Id.* The Government opposes Defendant's Motion, but clarifies the scope of the condition. *See generally* Gov't's Opp'n to Def.'s Mot. to Amend Conditions of Release ("Gov't's Opp'n"), ECF No. 23.

Under the Bail Reform Act, if certain determinations are made, a judicial officer can release a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include the condition that the person "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." *Id.* § 3142(c)(1)(B)(v). A release order can be amended "at any time." *Id.* § 3142(c)(3).

---

[1] Although Defendant's filing is characterized as an "appeal" of the Magistrate Judge's Order, the Court shall consider it as a "motion for amendment of the conditions of release." *See* 18 U.S.C. § 3145(a)(2); *see* Mot. at 2 (citing 18 U.S.C. § 3145(a)).
[2] The Court notes that while Defendant seeks this relief—the revocation of the condition—co-Defendant C. Sarty does not, meaning counsel for co-Defendant C. Sarty would be present for the applicable communications with Defendant. *See* Order, ECF No. 13 (C. Sarty's conditions of release).

In February 2024, Magistrate Judge Zia Faruqui of this jurisdiction ordered Defendant to be released on conditions, including the requirement that Defendant not speak with his brother (co-Defendant C. Sarty) "about the case outside the presence of attorney." Order, ECF No. 12, at 2. Defendant was not required to post bond, nor is he subject to home detention, a curfew, or GPS monitoring. *See id.* Defendant is supervised by Pretrial Services, and may not possess a firearm or use alcohol "excessively." *Id.* In addition, he may not use or unlawfully possess a "narcotic drug or other controlled substances." *Id.*

With respect to Defendant's alleged conduct in this case, the Government raises serious allegations, all of which involve Defendant's purported conduct on January 6, 2021 with his brother, co-Defendant C. Sarty. *See generally* Gov't's Opp'n. The Government alleges that Defendant met his brother in Baltimore, Maryland, before traveling together to Washington, D.C. with two other individuals. *Id.* Once in the District of Columbia, Defendant and co-Defendant C. Sarty walked together "from the Ellipse to the U.S. Capitol" where they and others "breached the Capitol grounds" and entered the Capitol Building. *Id.* Defendant and his brother were allegedly "part of the mob as it overran law enforcement officers in the Crypt." *Id.* at 2. While in the Capitol Building, Defendant and co-Defendant C. Sarty purportedly stayed "side-by-side the entire time." *Id.* Although the co-defendants left the Capitol Building briefly, they allegedly returned through the East Rotunda Doors and "made their way to the front of the line of [law enforcement] officers, whereupon they linked arms and shoved the officers, temporarily driving the officers back." *Id.* at 3. In all, Defendant and co-Defendant C. Sarty spent "approximately 42 minutes inside the Capitol building." *Id.* For his alleged conduct on January 6, 2021, Defendant has been charged by indictment with two felonies and six misdemeanors. *See* Indictment, ECF No. 20.

The Government maintains that the above allegations demonstrate that the co-defendants in this case "moved and acted in tandem," and therefore the condition at issue will ensure that they "will not be able to collude, destroy evidence, or conspire to present false testimony in tandem, either." Gov't's Opp'n at 9. It is the co-defendants' familial ties (siblings) and consequent potential for collusion that, according to the Government, "increase the risk" of danger posed to the community. *Id.* at 10. The Government further clarifies the scope of the contact condition, stating that it covers "the specific case before this Court," including "evidence in this case," motions filed, the Court's orders, "legal theories and arguments presented in this case," and the proceedings in this case. *Id.* at 12. Other topics that happen to involve aspects of the Capitol

2

Riot—such as former President Donald Trump's actions and other January 6 cases—do not fall "under the description of 'the case.'" *Id.*

Defendant concedes that the Court "has the authority to implement conditions like this when justified by the specific circumstances of the case." Def.'s Reply, ECF No. 27, at 1. Although Defendant maintains that "no specific circumstances of *this case* justify the condition or connect the condition to the government's interest," *id.* at 2, the Court disagrees.

In general, "criminal defendants are frequently subjected to 'substantial liberty restrictions as a result of the operation of our criminal justice system.'" *United States v. Trump*, 88 F.4th 990, 1006 (D.C. Cir. 2023) (quoting *United States v. Salerno*, 481 U.S. 739, 749 (1987)). Pursuant to the Bail Reform Act, "conditions commonly include measures that burden criminal defendants' ability to act, associate, and speak." *Id.* These measures have been extended to January 6 cases, in which a defendant can be "prohibited from . . . contacting other participants in the events of January 6[.]" *United States v. Klein*, 533 F. Supp. 3d 1, 19 (D.D.C. 2021) (JDB) (imposing no-contact restriction). Here, the allegations against Defendant involve conduct that transpired with his brother: meeting in Maryland to travel to the District of Columbia together; walking from the Ellipse to the Capitol together; jointly participating in the "mob as it overran law enforcement officers in the Crypt"; entering the Capitol Building and roaming the hallways together; briefly leaving the Capitol Building and returning together; linking arms and shoving law enforcement officers together; and departing from the Capitol together. *See* Gov't's Opp'n at 1–3. To the Court's knowledge, every allegation against Defendant involves co-Defendant C. Sarty. *See* Indictment, ECF No. 20. Accordingly, the Court concludes that the specific circumstances of this case justify the condition at issue, particularly as it ensures the safety of the community and the administration of justice.

In sum, the Court is not suggesting that Defendant may not communicate with his brother, co-Defendant C. Sarty. As the Government notes in its opposition, *see* Gov't's Opp'n at 11, Defendant is free to communicate with his brother "about the case" so long as counsel is present, *see* Order, ECF No. 12 at 2. To the extent there is still confusion regarding the scope of the condition, *see* Def.'s Reply at 4, the Court provides the following clarification. Defendant and co-Defendant C. Sarty may not discuss the merits of this case with one another without counsel present. The defendants may, for instance, discuss the ongoing prosecution of former President Trump, *see id.* at 4, to the extent it is a general conversation. However, if the conversation turns

to the merits of this case, such as raising a potential defense, then the condition is in effect and defendants shall refrain from further conversation until counsel is present.

Accordingly, Defendant's [15] Appeal of Magistrate Court's Order Setting Conditions of Release is **GRANTED IN PART**. Defendant's pre-trial condition as it relates to communicating with the co-defendant in this case shall be **AMENDED** to reflect the following language:

> (7) The defendant must:
>> (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Defendant may not speak with the co-defendant (Defendant Cepane Sarty) about the merits of this case outside the presence of attorney.

Defendant's [15] Appeal of Magistrate Court's Order Setting Conditions of Release is **DENIED IN PART** as to all other aspects of Defendant's request, including Defendant's request for the Court to vacate the condition in its entirety.

**SO ORDERED.**

**Dated:** April 1, 2024

                                                            /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge